UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                Plaintiff,<br><br>      v.<br><br>NEWTON JONES,<br>WILLIAM CREEDEN,<br>KATERYNA (KATE) JONES,<br>WARREN FAIRLEY,<br>LAWRENCE McMANAMON, and<br>CULLEN JONES<br><br>                Defendants. | Case No. 2:24-cr-20070-DDC-TJJ |

**UNITED STATES' SECOND SUPPLEMENT TO MOTION FOR ABROGATION OF ATTORNEY-CLIENT PRIVILEGE BY WAIVER**

Now comes the UNITED STATES OF AMERICA, by Ryan A. Krieghauser, Acting United States Attorney for the District of Kansas, which respectfully files this Second Supplement to its Motion for Abrogation of Attorney-Client Privilege, and provides as follows:

**Background**

1. On May 30, 2025, the Government filed a motion to abrogate the attorney-client privilege of the Boilermakers Union over communications between the union and its attorneys. See Docket Number 107.

2. In the week prior, Attorney Melanie Morgan sent an email to the Government on behalf of the Boilermakers Union with a spreadsheet containing 29 documents over which the union claimed attorney-client privilege. Among those documents were several invoices from

Attorney David Elbaor who was hired specifically to respond to the first grand jury subpoena in the investigation preceding this case.

    3. In its initial motion, the Government asserted that:

> [T]he Boilermakers Union's recent assertion of privilege over the invoices of its former counsel, David Elbaor, is equally meritless. The season for challenging production of those documents based upon privilege has long passed and the union fails to present any circumstances which would overcome the general rule that attorney's bills and invoices are not privileged.

See Docket Number 107. pp. 20-21 (citation omitted).

    4. On July 6, 2025, the Boilermakers Union filed its response to the Government's motion reasserting its claim of privilege over the invoices of Attorney Elbaor (pp. 11, 19) without providing any justification or argument.

    5. Two years earlier in October 2023, Attorney Elbaor filed suit against the Boilermakers Union in Charlotteville, Virginia circuit court for payment for his legal services. Elbaor v. International Brotherhood of Boilermakers, (Case No. 540CL23000534-00) (Circuit Court, City of Charlottesville, Virginia).

    6. On Friday afternoon, September 12, 2025, defense counsel provided the Government with the Boilermakers Union's Answer, Affirmative Defenses, and Counterclaim (the "Answer") which the union filed in that case in December 2023. Attached as Exhibit A. Government counsel was unaware of the Answer until that date.

    7. In that filing, the Boilermakers Union countered Attorney Elbaor's claim by asserting that he had breached his fiduciary duties to the union under 29 U.S.C. § 501(a) by surreptitiously representing Defendant Newton Jones' personal interests rather than the interests of the union by failing to report "plain embezzlement" Defendants Newton, Kate

Jones, and William Creeden from the Boilermakers Union—Attorney Elbaor's sole client. The Answer alleges that Attorney Elbaor had thus committed fraud and violated the Rules of Professional Conduct of the District of Columbia, Kansas, Missouri, and Virginia, as well as the Model Rules of Professional Conduct.

8. Paragraph 28 of the Answer further avers that:

> Shortly after Mr. Fairley [Defendant Warren Fairley] took office, Mr. Fairley spoke with Mr. Elbaor and, although Mr. Elbaor offered to resign, Mr. Fairley did not ask for his immediate resignation because of the need to respond to the Grand Jury subpoena and a complicated Motion which had be filed to force compliance with the IBB considered its options.

9. In its Answer, the Boilermakers Union also confirms Attorney Elbaor's claim that he billed the union for more than $1,000,000 in fees and expenses.

## Argument

In the Answer, the Boilermakers Union affirmatively asserts that, in his numerous communications with Boilermaker officials, Attorney Elbaor never disclosed: 1) that he was secretly representing the interests of Defendant Jones contrary to the interests of the union; and 2) and that his investigation revealed that Defendant Jones and other union officials had committed embezzlement. The Boilermakers Union thus disclosed a critical element of its attorney-client communication with Attorney Elbaor—that Elbaor's legal advice did not contain warnings about embezzlements he had discovered, as well as his divided loyalties. Moreover, Paragraph 28 of the Answer affirmatively discloses the substance of conversations between Defendant Fairley and Attorney Elbaor where the latter offered to resign and the strategic legal reasons why President Fairley decided not to accept that resignation.

The Boilermakers Union can no longer maintain that its communications with Attorney Elbaor are privileged. Nearly two years ago, the Boilermakers Union disclosed the

3

most significant aspect of its relationship with Attorney Elbaor—that he was not reporting plain embezzlement to it.  In light of the heretofore undiscovered Answer, the Boilermakers' Union position in the current motion that Attorney Elbaor's invoices are somehow privileged is all the more meritless.

The Boilermakers Union's disclosure of presumably privileged communications with Attorney Elbaor, moreover, transcends that relationship.  It constitutes at least the third instance in this matter of the Boilermakers Union making an affirmative, intentional, and clear-eyed waiver of privilege to further its immediate interests.  In both word and action, the position of the Boilermakers Union is that it may parcel out privileged communications time and again while preserving it over communications on the same subject matter it wishes to retain.  That position stands simply contrary to the law of privilege.

Respectfully submitted,

**RYAN A. KRIEGHAUSER**
**UNITED STATES ATTORNEY**

By:  */s/Faiza H. Alhambra*
FAIZA H. ALHAMBRA
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6904
913-551-6541 (fax)
Faiza.Alhambra@usdoj.gov
Kan. S. Ct. No. 24525

By:  */s/ Jabari B. Wamble*
JABARI WAMBLE
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730

        913-551-6541 (fax)
        Jabari.wamble@usddoj.gov
        Kan. S. Ct. No. 22730

By: */s/ Vincent Falvo*
VINCENT FALVO
Trial Attorney
Violent Crime and Racketeering Section
United States Department of Justice
1301 New York Avenue, NW, Room 753
Washington, D.C. 20530
(202) 353-9384
vincent.falvo@usdoj.gov

5

## CERTIFICATE OF SERVICE

I certify that on September 17, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

*/s/ Faiza H. Alhambra*
Faiza H. Alhambra
Assistant United States Attorney
